**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD A. BARKER, | No. 2:16-CV-0165-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BOARD OF PAROLE HEARINGS, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are: (1) respondents' motion to dismiss (Doc. 11); (2) petitioner's motion for discovery (Doc. 9); and (3) petitioner's motion for leave to amend (Doc. 19).

/ / /

/ / /

/ / /

/ / /

/ / /

## I. BACKGROUND

Petitioner is serving a life sentence with the possibility of parole following his 1975 conviction. Petitioner challenges the denial of parole on February 5, 2014. Petitioner raises two claims. First, petitioner argues that the denial of parole resulted in a violation of the Ex Post Facto Clause of the United States Constitution because the 2014 parole hearing was held pursuant to California's determinate sentencing law enacted following his conviction instead of the indeterminate sentencing law which was in effect at the time of his conviction. Second, petitioner argues that application of the determinate sentencing law at the 2014 parole hearing violated his right to equal protection. In the proposed amended petition submitted with petitioner's motion for leave to amend, petitioner seeks to add a third claim: that application of the determinate sentencing law in 2014 resulted in "disproportionate punishment" in violation of the Eighth Amendment.

Petitioner raised two of these claims in prior petitions before this court and the United States District Court for the Central District of California.[1] Specifically, in Barker v. Lewis, E. Dist. Cal. No. 1:03-CV-6100-AWI-LJO, the court rejected on the merits petitioner's arguments that the denial of parole in May 2001 violated the Ex Post Facto Clause and Eighth Amendment. In Barker v. Marshall, C. Dist. Cal. No. CV-09-6179-ABC, the court rejected on the merits the same claims raised following the denial of parole in January 2008.

///
///
///
///
///

---

[1] Respondent argues in the current motion to dismiss that petitioner's equal protection claim was also raised in prior petitions. The cases cited by respondent, however, do not reflect that the equal protection claim was ever addressed on the merits.

## II.  DISCUSSION

In its motion to dismiss, respondent argues that petitioner's claims must be dismissed as successive and that petitioner's claims are not cognizable.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Such is the case here with respect to petitioner's claims that the denial of parole in 2014 violated the Ex Post Facto Clause or the Eighth Amendment.  As with the instant petition, the petitions addressed by the courts in Barker v. Lewis and Barker v. Marshall challenged parole denials under the determinate sentencing law.  In both prior petitions, the courts rejected petitioner's claims on the merits.  The same Ex Post Facto Clause claim presented in the current petition is successive.[2]  As to petitioner's request to amend the current petition to add the Eighth Amendment claim, because the claim would be successive, the amendment would be futile and should be denied.

Respondent also argues that none of petitioner's claims is cognizable.  The court does not agree.  As demonstrated by the prior court decisions cited by respondent, petitioner's Ex Post Facto Clause and Eighth Amendment claims are cognizable for consideration, but do not merit relief.  Similarly, petitioner's equal protection claim is cognizable in that it is based on an alleged violation of petitioner's constitutional rights.  The claim, however, lacks merit.  As respondent correctly notes, application of the determinate sentencing law instead of the indeterminate sentencing law cannot result in an equal protection violation because the two schemes ". . . apply identical criteria in determining parole suitability." Conner v. Estelle, 981 F.2d 1032, 1033 (9th Cir. 1992).  Petitioner's equal protection claim should be dismissed pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases which provides for

---

[2] Because respondent has not established that petitioner's equal protection claim was ever addressed on the merits in a prior petition, the court does not find that such claim as presented in the current petition is successive.

3

summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief on his equal protection claim.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.  Petitioner's motion for leave to amend to add the Eighth Amendment claim (Doc. 19) be denied;

2.  Respondent's motion to dismiss (Doc. 11) be granted;

3.  Petitioner's Ex Post Facto Clause be dismissed as successive; and

4.  Petitioner's equal protection claim be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 16, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE